## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Gerardo Sanchez-Acuna,                                File No. 25-CV-2734 (JMB/JFD)

        Petitioner,

v.

                                    **ORDER**

Warden, FCI Sandstone,

        Respondent.

This matter is before the Court on Petitioner Gerardo Sanchez-Acuna's Petition for Writ of Habeas Corpus (Petition). (Doc. No. 1 [hereinafter, "Pet."].) Sanchez-Acuna filed his Petition on June 30, 2025, and Respondent Warden, FCI Sandstone, responded on July 22, 2025, arguing that the Court should deny the Petition. (Doc. No. 6.) After requesting and receiving an extension of time to reply, Sanchez-Acuna filed a Notice of Voluntary Dismissal on September 2, 2025. (Doc. No. 11.) On September 15, 2025, Sanchez-Acuna filed a Motion to Vacate his Notice of Voluntary Dismissal. (Doc. No. 12.) Respondent filed a Response in Opposition (Doc. No. 17), and Sanchez-Acuna filed a reply (Doc. No. 19). For the following reasons, the Court denies the Petition.[1]

Sanchez-Acuna's Petition claims that he is being denied the ability to earn First Step Act time credits (FTC) based on the Bureau of Prisons' understanding that he is subject to

---

[1] Because this Order dismisses the Petition, the Court need not address what effect, if any, Petitioner's Motion to Vacate Pursuant to Federal Rule of Civil Procedure 60(b) (Doc. No. 12) has on Petitioner's Notice of Voluntary Dismissal (Doc. No. 11).

an order of deportation.  (Pet. at 2.)  Sanchez-Acuna claims that the deportation order "does not exist" and that he is "otherwise the beneficiary of a U-Visa."  (*Id.*)  He asks the Court to order Respondent to recalculate his sentence inclusive of FTC and to release him immediately.  (*Id.* at 8.)

"A prisoner is ineligible to apply time credits . . . if the prisoner is the subject of a final order of removal under any provision of the immigration laws."  18 U.S.C. § 3632(d)(4)(E)(i).  Here, Sanchez-Acuna is the subject of a final order of removal.  (*See* Doc. No. 7-2 at 8.)  Although he may be eligible for FTC (*see* Doc. No. 13 at 1.), he is not able to *apply* this time credit toward a shorter sentence because he is subject to a final removal order.  Sanchez-Acuna states that he is a U-Visa applicant, but he does not claim that his application has been granted, nor does he claim that he is no longer the subject of a final order of removal.  (Doc. No. 19 at 3.)

Sanchez-Acuna also claims that he completed his term of commitment on May 22, 2025, and that he is now being imprisoned without justification.  (Doc. No. 15 at 1; *see* Doc. No. 13 at 2.)  Sanchez-Acuna is mistaken.  Sanchez-Acuna's projected release date is January 22, 2026.  (Doc. No. 7-1 at 1.)  The date of May 22, 2025, appears on Sanchez-Acuna's Admission/Release Status (ARS) to indicate that he was taken to a hospital that day for a medical appointment.  (Doc. No. 18 at 1; *see* Doc. No. 13 at 2.)  This ARS assignment "shows only that Sanchez-Acuna left the institution and arrived back"; it "does not reflect that Sancez-Acuna completed his current term of commitment."  (Doc. No. 18 at 2.)  His projected release date remains January 22, 2026.  (*Id.*)

2

Based on the foregoing, and on all of the files, records, and proceedings herein, IT

IS HEREBY ORDERED THAT:

1.    Petitioner Gerardo Sanchez-Acuna's Petition for Writ of Habeas Corpus
      (Doc. No. 1) is DENIED.

2.    Petitioner Gerardo Sanchez-Acuna's Motion to Vacate Pursuant to Federal
      Rule of Civil Procedure 60(b) (Doc. No. 11) is DENIED as moot.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  December 29, 2025                        /s/ *Jeffrey M. Bryan*
                                                Judge Jeffrey M. Bryan
                                                United States District Court

3